The claim is rejected.

---

## Case No. 10,756.

### The PARKHILL et al.

### The MEACO.

[19 Leg. Int. 13.]

District Court, E. D. Pennsylvania. Jan. 2, 1862.

PRIZE—SEAMEN'S WAGES—AFFIDAVIT.

[1. Where, in case of civil war, a voyage has been begun before the commencement of hostilities, and the vessel is captured before the voyage is completed, and condemned as prize, mariners not hostile are entitled to be paid their wages, or an equivalent compensation, out of the proceeds of the prize property.]

[2. It appearing, on examination of the ship's papers, that the mariners had no means of knowledge of certain illegal acts done in connection with the clearance of the vessel, an affidavit of their ignorance of the objectionable acts should be received, and its truth assumed.]

Upon petitions to allow the payment of wages out of the proceeds.

CADWALADER, District Judge. The question whether wages, or an equivalent compensation for mariners, has been earned for a voyage in which a vessel has been captured, can seldom arise in a prize court. If she is restored under a proprietary claim, the question cannot be decided under the prize jurisdiction, though the wages may be recoverable in an independent proceeding in admiralty. If she is condemned, the wages are, generally, lost, either from the hostile character of the mariners personally, or from a hostile character which the employment of the vessel has imparted to them; and also in most cases, because the intended voyage has not been performed, and the freight, on which the payment of wages depends, has not been earned. In the case of a general national war between independent governments, the hostile character of the vessel or mariners must be the same, whether the voyage has been begun before or after the commencement of the war. But this is not invariably the case in a civil war. In the present war I think that it is not the case when the capture has been made before the end of a voyage which was begun before the hostile relation had arisen. In such a case, though the vessel should

be condemned, I think that wages, or an equivalent for them, should be decreed where the personal relation of the mariners has not been hostile, unless the wages have been lost by reason of the non-performance of the voyage. Where it has been substantially performed, an adherence to the apparent letter of authorities applicable to cases occurring in a national war with a foreign government, would seem not less unwise than unjust. Where the voyage has been undertaken after the commencement of hostilities, reasons of policy are the same in such a war and in a civil war; but not where the voyage has been begun previously. There may, in certain cases, be an allowance of an equivalent for freight, where freight, by name, has not been specifically earned. So, as I think, an equivalent for wages may sometimes be allowed out of a fund which would not have existed if the voyage had not, so far as the mariners are concerned, been substantially completed. Where the analogy to the case of an equivalent for freight can be maintained, the claim of wages out of the proceeds of sale of a condemned prize may, as I think, be awarded under the restrictions which are implied, if not expressed, in what has already been stated. But, in the case of the The Meaco, and, perhaps, in one or two other cases, the question arises whether there may not be demerits affecting a prize vessel, for which her master, supercargo, charterers or owners, may be civilly responsible, and on account of which the vessel may be condemned, but which may not affect such a claim for mariners' wages as might otherwise, under the above restrictions, be allowable. The question is explained by considering the specific objection which has been urged in the case of The Meaco. This vessel and her master and owners may be responsible for the mode in which she was cleared for the outward voyage, and the return voyage may be inseparable from the outward, so far as they may be thus involved in the penal consequences. But an examination of her papers indicates that the mariners had probably no means of knowledge of the objectionable act or acts. On the contrary, the form of the shipping articles, and of some other papers, indicates that the outward voyage, except as to certain arrangements of an unprecedented character made at public offices on shore, had the resemblance of an ordinary one for a port of departure in a revenue collection district of the United States before the commencement of the present troubles. The affidavit of the mariners of their ignorance of the objectionable acts, ought, therefore, to be received, and its truth assumed. This case, therefore, does not, in principle, differ from that of a claim for wages by mariners shipped, before the commencement of the present civil war, in a voyage not known by them to have been undertaken with any violation, actual or intended, of the laws of the United States, or with any hostile relation or incident. In such a case, where the voyage has been so far performed that the vessel has arrived in waters which are within the territorial maritime jurisdiction of the United States, or has reached any port so near to them that she might, in time of peace, be lawfully boarded by a vessel in the revenue collection service of their government, I think that wages, or a sum of equal amount as an equivalent for them, should be awarded out of the proceeds.

I am not aware that I am sustained in the foregoing views by any judicial precedent precisely in point; and I should think the case a very proper one for an appeal if the law officers of the United States should wish the question reconsidered. But, from the course of the successive arguments, I am induced to believe that my decision is rather in accordance with, than in opposition to their opinions.

The clerk will, therefore, according to the rules deducible from the above opinion, inquire and report from time to time the cases in which wages are, and those in which they are not allowable, to the respective petitioners, and the respective amounts to be awarded in the former cases. This order will not be considered as applicable to future claims for wages without an express direction from the court.

PARKHILL (UNITED STATES v.). See Case No. 15,994.